HARRY M. LEE, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF TAFT M. BASS, AND LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA v. ARCHIE H. BARKSDALE AND CLIFFORD B. BARKSDALE

No. 854SC852

(Filed 25 November 1986)

1. **Executors and Administrators § 32— action to recover assets wrongfully paid out—summary judgment proper**

   The trial court did not err by granting plaintiffs' motion for summary judgment in an action to recover from the beneficiaries of an estate amounts improperly paid to them where an error in the method of calculation caused the executor to make an erroneous disbursement under the will.

2. **Executors and Administrators § 32— action to recover assets wrongfully paid out—equitable defenses not available**

   In an action to recover from two of three beneficiaries of an estate amounts improperly paid to them, the defenses of settlement, waiver, release, ratification, and estoppel were unavailing because each defense required some showing that the person against whom it was asserted had knowledge of the true facts underlying the claim and there was no forecast of evidence that the third beneficiary knew of her claim for additional funds or intended to abandon or relinquish such a claim.

3. **Executors and Administrators § 32— recovery of assets erroneously paid out—mistake of fact, not law**

   The trial court did not err in an action to recover from two beneficiaries of a will amounts improperly paid to them by denying their motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6). The mistake in calculation was one of fact rather than one of law, and the executor clearly stated a cause of action upon which relief could be granted; further, the motion was converted to one for summary judgment when matters outside the pleadings were considered. N.C.G.S. § 1A-1, Rule 56.

4. **Executors and Administrators § 32— recovery of assets erroneously paid out—proper parties**

   Lawyers Mutual Liability Insurance Company and the executor of an estate as an individual lacked standing and were not the proper parties to bring an action against beneficiaries who benefited from a wrongful or incorrect disbursement under a will; however, there was no prejudice because the judge correctly ordered that the excess disbursements be returned to plaintiff as the executor and that those monies be properly distributed by him. N.C.G.S. § 28A-22-1.

APPEAL by defendants from *Smith, Judge*. Judgment entered 13 May 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 10 February 1986.

This is a civil action, filed 23 October 1984, to recover from the beneficiaries of an estate amounts improperly paid to them in the distribution of the assets of the estate pursuant to the testator's will.

Article Two of Taft M. Bass' will left the house and personal effects to his wife Nellie Cofield Bass if she survived him. The residuary clause read in pertinent part as follows:

### ARTICLE THREE

I will, devise and bequeath all the rest and residue of my property, both real and personal wheresoever situate not hereinbefore disposed of (but including that passing to my wife, Nellie Cofield Bass under Article Two should she predecease me) to my Executor and direct my Executor to convert the same into cash as soon as practical after my death. In this connection, I hereby specifically authorize, direct and empower my Executor to sell my said property at either public or private sale and at such price as he in his sole discretion shall determine to be for the best interest of my estate. After converting all my property to cash as above set forth, I direct my Executor to administer and dispose of the same, together with all other property such as cash on hand or on deposit belonging to my estate as follows:

1. First, my Executor shall pay all my debts, taxes and all costs of administration of my estate as directed in Article One hereof.

2. Second, my Executor shall pay the sum of Ten Thousand ($10,000.00) in cash to Dale Barksdale Cooper, daughter of Major Pryor Barksdale Cooper, daughter of Major Pryor Barksdale, deceased.

3. Third, after complying with all prior provisions hereof, my Executor shall distribute the remaining funds belonging to my estate as follows:

(a) One-third (⅓) to my wife, Nellie Cofield Bass, *less* the value (to be determined as hereinafter set forth) of the *real estate* passing to her under the provisions of Article Two hereof. I hereby provide and so direct that this portion of my wife's share shall not be reduced by the value of any

personalty passing to her under the terms of Article Two hereof, nor by the amount of any proceeds from life insurance on my life paid to her by reason of my death.

I further provide that in arriving at the value of the real estate passing to my wife under the provisions of Article Two, my Executor shall, in his sole discretion select a competent and experienced appraiser to appraise said real estate and said appraisal shall be binding upon all parties concerned. The cost of said appraisal is hereby directed to be charged to the general cost of the administration of my estate.

I still further provide that if my wife, Nellie Cofield Bass shall not survive me, then this portion of her share of my estate that would have gone to her had she been living shall lapse and shall be distributed by my Executor in equal shares to Archie Hill Barksdale and Clifford Bailey Barksdale.

(b) One-third (⅓) to Achie Hill Barksdale; and

(c) One-third (⅓) to Clifford Bailey Barksdale.

The appraised value of the real estate passing to testator's widow, Nellie Cofield Bass (McCollum), under Article Two was Sixty-eight Thousand Dollars ($68,000.00). After liquidation of the residuary estate and payment of costs, taxes and debts as provided in the will, the residue for distribution was $278,308.67.

On 3 August 1983, the three principal beneficiaries under the will met for approximately three hours with an accountant of the firm of Squires, Ezzell and Waters, P.A., to review and approve the Final Account of the Bass estate prepared by plaintiff Lee as Executor. The distribution of the residuary estate under the Final Account is shown by the following table:

| | | |
|---|---|---|
| Total Amount to be Distributed | $278,308.67 | |
| To Dale Barksdale Cooper, per will . | $ 10,000.00 | |
| To Nellie C. Bass (McCollum) Insurance ................... | $ 22,031.97 | |
| | | $ 32,031.97 |
| BALANCE LEFT FOR DISTRIBUTION | $246,276.70 | |

SHARE OF NELLIE C. BASS (MCCOLLUM) from
    balance left for distribution

| | | |
|---|---|---|
| One-third of $246,276.70 ....... | $ 82,092.24 | |
| Less value of dwelling ........ | 68,000.00 | |
| | | $ 14,092.24 |

SHARE OF ARCHIE H. BARKSDALE from balance
    left for distribution

| | | |
|---|---|---|
| One-third of $246,276.70 ....... | $ 82,092.23 | |
| Plus one-half value of dwelling . | 34,000.00 | |
| | | $116,092.23 |

SHARE OF CLIFFORD B. BARKSDALE from balance
    left for distribution

| | | |
|---|---|---|
| One-third of $246,276.70 ....... | $ 82,902.23 | |
| Plus one-half value of dwelling . | 34,000.00 | |
| | | $116,092.23 |

TOTAL AMOUNT DISTRIBUTED ............. $278,308.67

At the conclusion of this meeting, all three beneficiaries accepted
his or her share in accordance with the Final Account and each
signed the following "Receipt and Approval":

> The undersigned, Nellie C. Bass McCollom [sic], Archie
> H. Barksdale and Clifford B. Barksdale, being the benefici-
> aries under the Last Will and Testament of Taft Marcus
> Bass, deceased, do hereby jointly and severally acknowledge:
>
> (1) That the foregoing Final Account of Harry M. Lee,
> Executor of Taft Marcus Bass, deceased is a true and correct
> representation of the administration of said estate and the
> same is hereby approved and confirmed in every respect;
>
> (2) The receipt of each share of funds distributed as set
> forth in said Final Account; and
>
> (3) That a division of all personal property belonging to
> said estate was made in a manner acceptable to each and
> each hereby acknowledges the receipt of his or her share in
> full.

On 18 August 1983, Mrs. McCollum, through her attorney, made demand against the Estate of Taft M. Bass for a deficiency due her under Article Three of the Will. As a consequence of this demand, plaintiff Lee recomputed the distribution of the residuary estate as follows:

| | | |
|---|---|---|
| Total Amount to be Distributed | $278,308.67 | |
| To Dale Barksdale Cooper per will . | 10,000.00 | |
| To Nellie C. Bass (McCollum) . . . . . . | 22,031.97 | |
| Remaining Cash Funds . . . . . . . . . . . | $246,276.70 | |

SHARE OF NELLIE C. BASS (McCOLLUM):

| | | |
|---|---|---|
| One-third of $246,276.70 . . . . . . . | $ 82,092.23 | |
| Less Value of Dwelling . . . . . . . | 68,000.00 | |
| Net . . . . . . . . . . . . . . . . . . . . | $ 14,092.23 | |
| Plus One-Third Value of | | |
| Dwelling ($68,000.00) . . . . . | 22,666.67 | |
| | | $ 36,758.90 |

SHARE OF ARCHIE H. BARKSDALE:

| | | |
|---|---|---|
| One-Third of $246,276.70 . . . . . . | $ 82,092.23 | |
| Plus One-Third Value of | | |
| Dwelling ($68,000.00) . . . . . | 22,666.67 | |
| | | $104,758.90 |

SHARE OF CLIFFORD B. BARKSDALE:

| | | |
|---|---|---|
| One-Third of $246,276.70 . . . . . . | $ 82,092.23 | |
| Plus One-Third Value of | | |
| Dwelling ($68,000.00) . . . . . | 22,666.67 | |
| | | $104,758.90 |

| | |
|---|---|
| TOTAL AMOUNT DISTRIBUTED . . . . . . . . . . . . | $278,308.67 |

On 14 June 1984, plaintiff Lawyers Mutual Liability Insurance Company of North Carolina and Nellie Bass McCollum entered into a consent agreement under which plaintiff paid to Mrs. McCollum the sum of $24,439.38 in full satisfaction, compromise and discharge of any claim she had or may have had against the plaintiffs for her deficient payment under the Will. In the consent agreement, Mrs. McCollum also assigned to plaintiff Insurance

Company all right, title and interest in any recovery against defendants to the extent of its payment to Mrs. McCollum.

In response to the complaint, defendants filed a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), and plaintiffs filed a motion for summary judgment. Attached to the motion for summary judgment was an affidavit prepared by plaintiff Lee which stated in pertinent part:

6. The Final Account which I prepared as Executor of the estate does not carry out Mr. Bass' intention as expressed to me, nor my intention in drafting the Will that Nellie Cofield Bass and Archie and Clifford Barksdale share equally in the estate.

7. Through mathematical error, I neglected to add the value of the homeplace ($68,000) to the residue of the estate before deducting that amount from Nellie Cofield Bass' share. Before I recognized this error, I had already disbursed the funds under the Final Account.

Defendant Clifford Barksdale filed an Affidavit which stated that prior to the 3 August 1983 meeting, "I had a number of discussions with Harry M. Lee, the Executor of the Estate, concerning the manner in which the assets of the Estate would be disbursed. It was my understanding based on these discussions with him, that the Estate would be disbursed in exactly the manner set forth in the Final Account . . . ."

Both motions came on for hearing before the Honorable Donald L. Smith. Judge Smith granted plaintiffs' motion for summary judgment and entered the "following findings or conclusions, to wit":

The Last Will and Testament of Taft M. Bass is interpreted to mean that the residuary estate of the testator in the sum of $246,276.70 was intended by the testator to be distributed one third each to Nellie C. Bass McCullom [sic], Archie H. Barksdale, and Clifford B. Barksdale, (i.e., the sum of $82,092.23 each, that testator's wife Nellie C. Bass McCullom [sic] was to receive her one-third interest "*less* the value" of said house ($68,000.00) or $14,092.23; that the *value* of the house should be added to the residuary estate and distributed one-third each to said beneficiaries or a total of

$22,666.67 each for a total residuary distribution to Nellie C. Bass McCullom [sic] of $36,758.90; and the Court further concluding that in no event was either defendant entitled to more than one-third of the value of the residuary estate — a maximum of $104,758.90 to defendant Clifford B. Barksdale and $104,758.90 to Archie H. Barksdale and $104,758.90 to Nellie C. Bass McCullom [sic] (i.e., the $68,000.00 house plus said $36,758.90 cash for a total also of $104,758.90); and it further appearing that the Executor of the Estate of Taft M. Bass by improper and erroneous mathematical computation paid to defendant Clifford B. Barksdale the sum of $116,092.23 and erroneously paid to defendant Archie H. Barksdale the sum of $116,092.23; and the Court concluding that the intent of any testator, including Taft M. Bass, cannot and should not be subverted or changed by error, mutual mistake; or agreement of the personal representative and the beneficiaries; or otherwise;

It is hereby ORDERED, ADJUDGED and DECREED that defendant Clifford B. Barksdale and the defendant Archie H. Barksdale return forthwith to Harry M. Lee as Executor of the Estate of Taft M. Bass the sum of $11,333.34 each and that said monies so received by said Executor be properly distributed by him according to the Last Will and Testament of Taft M. Bass as interpreted herein by this Court; and that plaintiff have and recover of defendant Clifford B. Barksdale the sum of $11,333.34 and that plaintiff have and recover of the defendant Archie H. Barksdale the sum of $11,333.34; and it is further ordered that this Judgment be cancelled of record upon receipt by said Executor of the total sum of $22,666.68 by voluntary payment by defendants or upon satisfaction by execution upon the property of defendants . . . .

From the entry of this judgment, defendants appealed.

*Boyce, Mitchell, Burns and Smith, P.A., by G. Eugene Boyce and Susan K. Burkhart for plaintiffs-appellees.*

*Manning, Fulton and Skinner by Charles E. Nichols, Jr., and Emmett Boney Haywood for defendants-appellants.*

PARKER, Judge.

Defendants contend the trial court erred in granting plaintiffs' motion for summary judgment and in denying defendants' motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). We disagree.

[1] On a motion for summary judgment, the moving party has the burden of showing (i) the lack of a triable issue of fact and (ii) that he is entitled to judgment as a matter of law. *Moore v. Crumpton*, 306 N.C. 618, 295 S.E. 2d 436 (1982). The record discloses that the essential facts in this case are not in dispute. The question before the trial court was whether plaintiff Lee, as Executor, properly distributed the residuary estate under the Will of Taft M. Bass.

The primary object in interpreting a will is to give effect to the intention of the testator. *Misenheimer v. Misenheimer*, 312 N.C. 692, 325 S.E. 2d 195 (1985). This intention will be given effect unless it violates some rule of law or is contrary to public policy. *Pittman v. Thomas*, 307 N.C. 485, 299 S.E. 2d 207 (1983). This intent is to be gathered from a consideration of the will from its four corners. Where the intent of the testator is clearly expressed in plain and unambiguous language, there is no need to resort to the general rules of construction for an interpretation; rather, the will is to be given effect according to its obvious intent. *Price v. Price*, 11 N.C. App. 657, 182 S.E. 2d 217 (1971).

The interpretation of a will's language is a matter of law. *Wachovia v. Wolfe*, 243 N.C. 469, 91 S.E. 2d 246 (1956).

In this case, the language used by the testator manifests his intention to divide the residuary estate into three equal shares with the widow's cash distribution to be offset by the value of the marital home. We agree with Judge Smith's conclusion "that in no event was either defendant entitled to more than one-third of the value of the residuary estate . . . ."

The only way to effect the distribution intended by the testator is to add the value of the homeplace to the residuary estate before deducting that value from Mrs. McCollum's share. Utilizing this method, each defendant would receive $104,758.90 cash, and Mrs. McCollum would receive $36,758.90 cash plus the value of the $68,000.00 house for a total of $104,758.90. In this

manner, each beneficiary would receive exactly one-third of the value of the residuary estate. Although the house clearly did not pass under the residuary estate, the value of the house is an essential component of the equation to balance the actual distribution of the residuary estate. Under the method by which Executor Lee distributed the estate, each defendant received an amount well in excess of his one-third of the residuary estate. The intent of a testator should not be circumvented by error in mathematical computations. Therefore, we hold plaintiff's motion for summary judgment was properly granted where they showed a lack of a triable issue of fact and that an error in the method of calculation caused the Executor to make an erroneous disbursement under the will.

[2]  Defendants further contend that plaintiffs are barred under theories of settlement, waiver, release, ratification and estoppel. Each of these defenses requires some showing that the person against whom they are asserted had knowledge of the true facts underlying the claim. Defendants offered no affidavits or forecast of evidence suggesting that on 3 August 1983, Mrs. McCollum knew of her claim to additional funds or intended to abandon or relinquish such a claim. Because the record is void of any evidence that Mrs. McCollum knew at the time of distribution that the method of calculation did not comport with the terms of the testator's will, all these defenses are unavailing to defendants.

[3]  Defendants' contention that the trial court erred in denying their motion to dismiss filed pursuant to G.S. 1A-1, Rule 12(b)(6) is premised on the theory that the mistake was one of law rather than of fact and that defendants would be prejudiced by failing to return the money. In our view, the mistake in calculation was one of fact, not of law, and plaintiff executor clearly stated a cause of action upon which relief could be granted. *See Bank v. McManus*, 29 N.C. App. 65, 223 S.E. 2d 554 (1976); *Lyle v. Siler*, 103 N.C. 261, 9 S.E. 491 (1889). Further, when matters outside the pleadings are considered on a motion to dismiss, the motion is converted to one for summary judgment and is disposed of in the manner stated in Rule 56. *Fowler v. Williamson*, 39 N.C. App. 715, 251 S.E. 2d 889 (1979).

[4]  Although not raised in the briefs, we note that plaintiff Lee individually and Lawyers Mutual Liability Insurance Company

lack standing and are not proper parties to bring an action against beneficiaries who have benefited from a wrongful or incorrect disbursement under a will. When the estate is open, an action to recover assets of an estate is properly prosecuted by the personal representative as the fiduciary responsible for the assets of the estate. A devisee is liable to refund money which has been paid to him by the executor under a mistake of fact, and repayment of the amount wrongfully paid may be enforced against him in a suit by the executor. 31 Am. Jur. 2d *Executors and Administrators* §§ 587-588 (1967). Once the estate has collected any wrongful disbursements, the executor must properly distribute these proceeds. G.S. 28A-22-1. Because Judge Smith correctly ordered that the excess disbursements be "return[ed] forthwith to Harry M. Lee *as Executor* of the Estate of Taft M. Bass . . . and that said monies so received by said Executor be properly distributed by him," the presence of Lawyers Mutual in this case was not prejudicial to the successful prosecution of this action.

The judgment appealed from is

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.