ROBY CLAY LEONARD v. DOROTHY LEONARD DILLARD

No. 8722SC49

(Filed 1 September 1987)

**1. Rules of Civil Procedure § 56— construction of will—summary judgment appropriate**

The trial court properly concluded that summary judgment was appropriate in an action to construe a will where the parties placed nothing before the court to prove the intention of the testators other than the will itself.

**2. Wills § 34— devise of property—gift over—devise in fee simple**

Language in a will providing that any portion of devised real estate owned by the devisee at her death should descend to her children did not limit the devisee to a life estate because there was an unrestricted devise of both real and personal property together with an unlimited power of disposition.

**3. Wills § 34— devise of real property—fee simple rather than life estate**

Language in a will which gave the devisee full power to sell or convey devised real estate without any regard whatever for her husband did not manifest the intention to avoid the common law rule of curtesy by the creation of a life estate where the testators clearly knew the meaning of the term "life estate," having used it elsewhere in the will, and would have used "life estate" had they wished to avoid the operation of curtesy by granting a life estate.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 10 September 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 13 May 1987.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker for plaintiff-appellant.*

*Brinkley, Walser, McGirt, Miller & Smith, by Charles H. McGirt and Stephen W. Coles, for defendant-appellee.*

GREENE, Judge.

Plaintiff, Roby Leonard, brought this action seeking a declaratory judgment, under N.C.G.S. Sec. 1-253 *et seq.*, determining

the proper construction of a will. Plaintiff is the brother of de-
fendant, Dorothy Dillard. The will in dispute is the joint will of
their maternal grandparents, Henry and Jane Sink. The clauses of
the will pertinent to this dispute are:

> 2. It is the specific bequest of each of us, that the sur-
> vivor, after the death of one of us, shall take all the property
> of whichever may die first, whether it be personal or real,
> and that the said survivor shall have a life estate in the real-
> ty of the first to die and that as to the personal property of
> whatever nature or kind it may be, the said survivor shall
> have full power to dispose of the same in a manner he or she
> may desire and for his or her own benefit and interet (sic).

> 3. That at the death of the last testator, we will devise
> and bequeath to our daughter Zella May Sink-Leonard all of
> the property possessed by us, of whatever nature or kind it
> may be, with full power to sell or convey, the same in any
> manner or form, and for any purpose she may desire, *without
> any regard whatever* for her husband, H. C. Leonard: PROVID-
> ED, that if she own the property or any part thereof at her
> death, the same shall descend to the children born of her
> body, or the heirs of such children.

Plaintiff and defendant are Zella May Sink-Leonard's only
children. She died in 1982, predeceased by both her parents and
her husband. An 18.6 acre tract of land, bequeathed to her by her
parents via the will in controversy, was in her estate at the time
of her death. She left a holographic will purporting to devise that
tract to defendant, Dorothy Dillard, stating, "I leave that to her
for I have already given my son 18 acres of land and three thou-
sand of dollar (sic) and have not given my daughter, Dorothy Mae
Dillard anything as yet."

> Plaintiff alleged his grandparents bequeathed his mother a
life estate in their property with the power of disposition, the re-
mainder to go to his mother's children in fee simple. Therefore,
plaintiff alleged, his mother's bequest to defendant in the
holographic will was invalid. Defendant alleged the will gave her
mother fee simple title in the property.

> Prior to trial, plaintiff moved for summary judgment. The
trial court determined there was no genuine issue of material

fact, concluded the Sink will gave Zella May Sink-Leonard a fee simple in her parents' real property and granted summary judgment for defendant. Plaintiff appeals.

[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.G.S. Sec. 1A-1, Rule 56(c). "Summary judgment in favor of the non-movant is appropriate when the evidence presented demonstrates that no material issues of fact are in dispute, and the non-movant is entitled to entry of judgment as a matter of law." *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 212, 258 S.E. 2d 444, 447-48 (1979).

The cardinal rule in the construction and interpretation of wills is the intent of the testator.

> The intention which controls in the construction of a will is that which is manifest, either expressly or by necessary implication, from the language of the will, as viewed, in the case of ambiguity, in light of the situation of the testator and the circumstances surrounding him at the time it was executed, although technical words are not used; or, as is sometimes said, the testator's intention must be ascertained from the four corners of the will.

*Carroll v. Herring*, 180 N.C. 369, 373, 104 S.E. 892, 894 (1920). "Two wills of exactly the same wording may be differently construed by reason of the different circumstances surrounding the testator at the time he made the will . . . ." *Morris v. Morris*, 246 N.C. 314, 316, 98 S.E. 2d 298, 300 (1957). However, here, the parties placed nothing before the court to prove the intention of the testators other than the will itself. They dispute the interpretation of the will's language which is a question of law. *Lee v. Barksdale*, 83 N.C. App. 368, 375, 350 S.E. 2d 508, 513 (1986), *disc. rev. denied*, 319 N.C. 404, 354 S.E. 2d 714 (1987); *Wachovia Bank & Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E. 2d 246, 250 (1956) ("The authority and responsibility to interpret or construe a will rest solely on the court."). Thus, the trial court's conclusion that there was no genuine issue of material fact was correct and summary judgment was appropriate. *Accord, Wachovia Bank & Trust Co. v. Livengood*, 306 N.C. 550, 294 S.E. 2d 319 (1982).

Plaintiff contends summary judgment should have been granted in his favor. The issue before us is whether the Sinks bequeathed Zella May Sink-Leonard real property in fee simple or some lesser estate. We hold that the bequest was in fee simple.

N.C.G.S. Sec. 31-38 creates the presumption that any devise of property is a devise in fee simple. N.C.G.S. Sec. 31-38 (Dec. 1984); *YWCA v. Morgan*, 281 N.C. 485, 490, 189 S.E. 2d 169, 172 (1972). The presumption is overcome only by the plain or express words of the will or where the will plainly reflects the testator's intention to convey a lesser estate. N.C.G.S. Sec. 31-38; *Adcock v. Perry*, 305 N.C. 625, 631, 290 S.E. 2d 608, 612 (1982). There are no express words in the will which would convey a lesser estate to Zella May Sink-Leonard. Plaintiff contends the presumption of fee simple is overcome by the plain reflection in the will of the Sinks' intention to convey a life estate.

I

[2] Plaintiff first contends the language found in the will's third paragraph "PROVIDED, that if she own the property or any part thereof at her death, the same shall descend to the children born of her body, or the heirs of such children" shows the testator's plain intention to convey a life estate to Zella May Sink-Leonard. We do not agree.

Rules of construction aid the court in determining the intention of the testator. *Carroll v. Herring*, 180 N.C. 369, 104 S.E. 892 (1920). The rule of construction most applicable to the will before us is stated in *Quickel v. Quickel*, 261 N.C. 696, 698, 136 S.E. 2d 52, 54 (1964):

> [A]n unrestricted or general devise of real property, to which is affixed, either specifically or by implication, an unlimited power of disposition in the first taker, conveys the fee and a subsequent clause . . . purporting to dispose of what remains at his death is not allowed to defeat the devise or limit it to a life estate.

The devise to Zella May Sink-Leonard is an unrestricted devise of both real and personal property together with an unlimited power of disposition. Therefore, by application of this rule of construction, the Sinks devised their real property to Zella May Sink-Leonard in fee simple and the gift over to her children does not

limit that devise to a life estate. Of course, "this rule, as well as all rules of construction, must yield to the paramount intent of the testator as gathered from the four corners of the will." *Taylor v. Taylor*, 228 N.C. 275, 277, 45 S.E. 2d 368, 369 (1947).

## II

[3] Plaintiff contends the language giving Zella May Sink-Leonard "full power to sell or convey . . . *without any regard whatever* for her husband," manifests the testators' intent to avoid the common law rule of curtesy that existed when they executed the will in 1923. By operation of curtesy, Zella May's husband might have had a life estate in the real property if Zella May had held it in fee simple because a fee simple estate is an inheritable freehold estate. *See* P. Hetrick, Webster's Real Estate Law in North Carolina, sec. 49(d) at 60 (revised ed. 1981). Plaintiff contends that, together with the gift over to Zella May's children after her death, the language quoted immediately above manifests the testators' intent to give their daughter a life estate because a life estate is not an inheritable freehold estate and therefore not subject to the operation of curtesy. We do not agree.

Testators are presumed to know the law in existence at the time they execute their will. *Whitfield v. Garris*, 134 N.C. 24, 28, 45 S.E. 904, 905 (1903). Therefore, the Sinks are presumed to know that a life estate would defeat the operation of curtesy. The Sinks clearly knew the meaning of the term "life estate" as they used that term in the second paragraph of their will. Had they wished to avoid the operation of curtesy by granting a life estate, they would have used the term "life estate." Their expression vesting their daughter with the power to convey the property without regard for her husband is more likely a mere expression of their desire that she not turn control of the property over to her husband after their death than an attempt to create a life estate to avoid the operation of curtesy.

## III

There being neither express words to convey a life estate nor a plain intention in the will that plaintiff's maternal grandparents intended to convey Zella May Sink-Leonard a life estate, the presumption that the devise was in fee simple is unrebutted and the trial court's construction of the will is without error.

Affirmed.

Judges PHILLIPS and COZORT concur.