OSBORNE v. HODGIN

[98 N.C. App. 111 (1990)]

———————

GUY G. OSBORNE, AVERY OSBORNE, GWEN O. PERKINS, GUY G. OS-
BORNE, JR., ANSEL L. OSBORNE, GARY OSBORNE, DONNIE RAY
OSBORNE, TERICA OSBORNE McNEIL, TED RAY PERKINS, JR., LEE
OSBORNE, JADE A. OSBORNE, GERALDINE OSBORNE CULLIE, GENE
LEE OSBORNE, DONNA OSBORNE (MINOR), SAMANTHA CAROL HAR-
WARD (MINOR), ANGELA ELIZABETH HARWARD (MINOR), JEFFREY
DAVID PERKINS (MINOR), ZEB PATRICK OSBORNE (MINOR), JEANNIE
MICHELL OSBORNE (MINOR), HEATHER OSBORNE (MINOR), SARA
OSBORNE (MINOR), AND DIANE OSBORNE (MINOR), PLAINTIFFS v. THELMA
O. HODGIN, R. KERMIT HODGIN, JAMES ALSON HODGIN, ANNA HODGIN
GARRETT, SANDRA GARRETT SMITH, MELISSA SMITH (MINOR),
DEBORAH GARRETT STEED, TRAVIS STEED (MINOR), STEVEN GAR-
RETT, SARAH V. OSBORNE, SARAH MAE OSBORNE SHARPE, GARY
L. SHARPE, DAWN SHARPE, CORY SHARPE (MINOR), JOHN SHARPE,
TIM SHARPE, CHRIS SHARPE (MINOR), CORDELLA OSBORNE
BLACKWOOD, JEFF BLACKWOOD, RANDY BLACKWOOD (MINOR), TOM-
MY BLACKWOOD (MINOR), ALL UNKNOWN HEIRS OF J. ALLEN
OSBORNE AND ALL POTENTIAL HEIRS OF J. ALLEN OSBORNE AS
YET UNBORN, DEFENDANTS

No. 8918SC535

(Filed 3 April 1990)

**Wills § 34 (NCI3d) — holographic will — fee simple devise — gift over
not limitation on devise**

A holographic will devised a 128-acre tract in fee simple to testator's widow, and the last paragraph of the will which stated that, upon his wife's death, his daughter was to have

OSBORNE v. HODGIN

[98 N.C. App. 111 (1990)]

the tract for her lifetime did not limit the devise to his widow to a life estate.

**Am Jur 2d, Estates §§ 18, 19.**

APPEAL by plaintiff from *Crawley (Jack B., Jr.), Judge.* Judgment entered 28 December 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 November 1989.

This action originally arose on 9 November 1987 from plaintiffs' (Guy G. and Avery Osborne; hereinafter plaintiff) attempt to quiet title to an approximately 128-acre tract of land known as the Daniel Osborne Farm. Plaintiff also requested a declaratory judgment to interpret the will of J. Allen Osborne. Pursuant to the trial court's order of 3 February 1988, plaintiff joined all lineal descendants and all other unborn and unknown persons who may now have or might hereafter acquire an interest in the property.

On 15 June 1988, plaintiff filed a motion for summary judgment. On 28 December 1988, after considering the pleadings, defendants' affidavits, oral arguments and memorandum of law submitted by the parties, the trial court denied plaintiff's motion and granted summary judgment in favor of defendant.

From this judgment, plaintiff appeals.

*Shope and McNeil, by Richard I. Shope and Michael L. Burton, for plaintiff-appellants.*

*Berry and McKinney, by James H. McKinney, for minor plaintiffs.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by W. Winburne King, III and Katherine Bonan McDiarmid, for defendant-appellees.*

*Kornegay, Lung & Angle, by Robert B. Angle, Jr., for defendant-appellees.*

*Stern, Graham & Klepfer, by Robert L. Johnston, for defendant-appellees.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting summary judgment. For the reasons set forth below, we hold that the trial court did not err in granting summary judgment in defendants' favor.

## OSBORNE v. HODGIN

[98 N.C. App. 111 (1990)]

J. Allen Osborne died in 1958, leaving a holographic will, which was duly admitted to probate. The first sentence of the will stated:

I, J. Allen Osborne, will the home place nown [sic] as the Daniel Osborne Farm containing 128 acrs [sic] to my Wife, Almedia Osborne.

Mr. Osborne bequeathed the household and kitchen furniture and the farm and shop tools to his wife. He then restricted her right to sell or give any saw timber during her lifetime. The will provided further:

at Almedia Osborne death i will to my dauter [sic] Felma Hogin [sic] the Home Farm kown [sic] as the Daniel Osborne Farm 128 acres her lifetime . . . .

The will then specifically bequeathed money to Mr. Osborne's sons, Vernon and Guy Osborne, each of whom had received a farm for nominal consideration from Mr. Osborne during his lifetime. Mr. Osborne made no other provision for the Daniel Osborne farm. In 1959, Almedia Osborne executed a general warranty deed conveying the farm to her daughter, Thelma Hodgin, in fee simple. Mrs. Hodgin and her husband later conveyed the land to their children in 1983.

In this action, plaintiff Guy G. Osborne is one of the sons of J. Allen Osborne, and plaintiff Avery Osborne is the son of J. Allen Osborne's deceased son. The remaining plaintiffs include the lineal descendants of Guy G. and Avery Osborne.

Defendant Thelma Hodgin is the daughter of Almedia and J. Allen Osborne. Other defendants include Thelma's husband, R. Kermit Hodgin, their children, James Alson Hodgin and Anna Hodgin Garrett, and their lineal descendants. Defendant Sarah V. Osborne is the widow of Vernon Osborne, and the remaining defendants are the children and issue of Vernon and Sarah V. Osborne, except for plaintiff Avery Osborne.

Plaintiff filed this cause of action attempting to quiet title on the 128-acre farm described in J. Allen Osborne's will. Plaintiff further sought a declaratory judgment that the devise of the farm to Almedia Osborne was a devise of a life estate and not a devise in fee simple absolute.

Under N.C. Gen. Stat. sec. 1A-1, Rule 56(c) (1983), summary judgment "shall be rendered . . . if the pleadings, depositions,

answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to summary judgment as a matter of law." This remedy permits the trial court to decide whether a genuine issue of fact exists; it does not allow the court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted).

In a summary judgment proceeding, the trial court must view all evidence in the light most favorable to the nonmoving party. *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 258, 335 S.E.2d 79, 83 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). Summary judgment may be granted to the nonmoving party when the evidence establishes that there are no material issues of fact. *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 212, 258 S.E.2d 444, 447-48 (1979).

It is well-settled law that the testator's intent is the key in construing and interpreting a will, and such intent must be determined from the four corners of the will. *Carroll v. Herring*, 180 N.C. 369, 373, 104 S.E. 892, 894 (1920).

In the case *sub judice*, plaintiff argues that the 128-acre tract devised to Almedia Osborne by her husband was a life estate because in the last paragraph of the will, J. Allen Osborne stated that upon his wife's death, his daughter, Thelma Hodgin, was to have the 128-acre tract for her lifetime. We disagree.

We hold that J. Allen Osborne's devise of the land to his wife in the first paragraph of the will was a devise in fee simple. There were no limitations on this devise. Mr. Osborne then made several other bequests of personal property including specific limitations concerning the timber on the devised tract of land. In the next to the last paragraph of the will, Mr. Osborne directed that his daughter, Thelma Hodgin, receive the tract of land upon Almedia Osborne's death. We do not believe these instructions are sufficient to turn the devise in fee simple to Almedia Osborne in the first paragraph of the will into a life estate.

N.C. Gen. Stat. secs. 31-38 (1984) creates the presumption that any devise of property is a devise in fee simple. Such presumption may be overcome only by "the plain or express words of the will or where the will plainly reflects the testator's intention to convey a lesser estate." *Leonard v. Dillard*, 87 N.C. App. 79, 82, 359 S.E.2d

497, 499 (1987) (citation omitted). There are no express words in J. Allen Osborne's will which would convey a life estate to Almedia Osborne.

We have examined the statutory and case law in this State and find that the will in our case is very similar to that in *Leonard*. There, the subject will devised all property "with full power to sell or convey [the property]" to the testator's daughter, "[provided], that" if the daughter owned any part of the property at her death, the property would descend to her children or the heirs of such children. *Id.* at 80, 359 S.E.2d at 498.

Although the will in *Leonard* gave the devisee full power to sell or convey the property, we do not believe this to be a material difference. The *Leonard* court held that the will devised the property to the testator's daughter in fee simple, and that the gift over to her children did not limit the devise to a life estate. *Id.* at 82-83, 359 S.E.2d at 499.

We hold that the will in the case before us devised the 128-acre tract in fee simple to Almedia Osborne and that the gift over to Thelma Osborne did not limit the devise to a life estate.

Because we find that the trial court did not err in granting summary judgment in defendant's favor on the above issue, we need not address plaintiff's remaining assignments of error.

Affirmed.

Judges EAGLES and PARKER concur.