NOTIE J. COBLE, Executrix of the Estate of ROSS COBLE and NOTIE J. COBLE, Individually, Plaintiff v. KATHLEEN C. PATTERSON, AGNES C. WHITE, HELEN C. BYERS, REBECCA C. ROBERTSON, CORNELIA C. STANTON, LARRY M. PATTERSON, T. MICHAEL PATTERSON, BOBBY WHITE, JANET GRIZZLE, PENNY SUE SIMON, and KAY STANTON COMBS, Defendants

No. 9315SC319

(Filed 19 April 1994)

1. **Wills § 34 (NCI3d) — devise of real property — multiple clauses — fee simple**

The trial court did not err by declaring plaintiff the fee simple owner of property where Item 2 of the decedent's will states, "I have 7 acres in Albright Township goes [sic] to my wife Notie J. Coble," but defendants argue that decedent's paramount intent as gathered from the entire will was to make plaintiff the lifetime beneficiary of a testamentary trust. Under N.C.G.S. § 31-38, any devise of real property is presumed to be a devise in fee simple unless the plain and express words of the devise or other language in the will itself clearly shows the testator's intent to convey a lesser estate. The decedent's will in this case does not plainly reflect an unam-

COBLE v. PATTERSON

[114 N.C. App. 447 (1994)]

biguous intention to establish a testamentary trust for plaintiff sufficiently to rebut the statutory presumption in N.C.G.S. § 31-38.

**Am Jur 2d, Estates § 43.**

2. **Wills § 41 (NCI3d)— future interest in income from certificates—time for termination of trust not provided—remaindermen not named—Rule Against Perpetuities—no violation**

There was no violation of the Rule Against Perpetuities where a decedent stated in his will that, if his wife (plaintiff in this action) should predecease him, or at her death, money and certificates remaining after certain other items were paid would be kept in certificates with the interest to keep the taxes paid on the land and any remainder to be divided as stated. Although the trial court essentially found that the remainder interest in the principal would not vest within the perpetuities period because decedent failed to provide a time for the termination of the trust and because decedent failed to name remaindermen to the principal of the trust, defendants have a vested remainder interest in the income interest from the certificates since they are entitled to the interest income immediately upon plaintiff's death and a vested remainder interest in the certificates since the gift of the interest income amounted to a gift of the principal also. In the absence of a disposition of the principal, a testamentary gift of the income or interest of a fund, such as a trust, without limitation as to its duration amounts to a gift of the principal.

**Am Jur 2d, Estates § 43; Perpetuities and Restraints on Alienation §§ 6 et seq.**

Appeal by defendants from judgment entered 30 October 1992 by Judge C. Preston Cornelius in Alamance County Superior Court. Heard in the Court of Appeals 13 January 1994.

Plaintiff brought this declaratory judgment action in her capacity as executrix of decedent's estate and individually as decedent's widow to determine the proper construction of decedent's holographic will. The following portions of decedent's will are in dispute:

Item 2: I give and bequeath all of my personal property to my wife, Notie J. Coble. If I still own property in Burlington,

my half of it goes to my wife Notie J. Coble. I have 7 acres in Albright Township goes [sic] to my wife Notie J. Coble. She shall have lifetime right to live on the property of Shellie G. & Mattie Thompson Coble that I inherited or given to [sic] from my mother Mattie Thompson Coble with right to rent the land & right to have timber or trees cut for repairing buildings and for fuel to heat home. The machinery to go to my wife Notie J. Coble to be used by my wife Notie J. Coble & my sister & their [sic] husband if they were to need them for anything.

. . . .

Item 5: If I have any money or certificates left after expenses, Indowment [sic] fund & church are taken care of the rest goes in certificates to draw interest for my wife Notie J. Coble to help pay taxes on the farm & for her personal upkeep.

. . . .

Item 7: If my wife, Notie J. Coble should Predecease me or at her death, I bequeath that the seven (7) acres I own in Albright township and the land I received form [sic] my mother Mattie T. Coble goes to my five sisters, Kathleen C. Patterson, Agnes C. White, Helen C. Byers, Rebecca C. Robertson, and Cornelia C. Stanton. Should any of these sister predecease me or at my wife, Notie J. Coble death there [sic] share goes to their children. . . .

Item 8: If my wife, Notie J. Coble should predecease me or at her death, I bequeath that the money and certificates left after all expenses, endowment & church are taken care of the rest of the money or certificates be kept in certificates to take the interest and keep taxes paid on the land that I left my sisters. If any left over after taxes are paid to be divided equally among my sister and their children.

Defendants are decedent's five sisters and their children. Defendants claim that they have a remainder interest in the Albright Township property and the certificates used to pay taxes on the Albright Township property. The trial court found that decedent's unrestricted devise of the Albright Township property to plaintiff in Item 2 gave plaintiff a fee simple title to the property and that the subsequent devise of the property in Item 7 to defendants on plaintiff's death was void. The trial court also found that the

COBLE v. PATTERSON

[114 N.C. App. 447 (1994)]

interests created in Item 8 concerning the money kept in certificates was void under the Rule Against Perpetuities and that money in the certificates passed by intestacy to plaintiff. Defendants appeal.

> *Charles L. Bateman, P.A., by Charles L. Bateman and Linda J. Hartwell, for plaintiff-appellee,*

> *Frederick J. Sternberg, P.A., by Fredrick J. Sternberg, and Latham, Wood, Hawkins & Whited, by B.F. Wood and G. Keith Whited, for defendant-appellants.*

EAGLES, Judge.

Defendants bring forward two assignments of error. After careful review of the record and briefs, we affirm the trial court's judgment declaring plaintiff the fee simple owner of the Albright Township property. We reverse the trial court's judgment declaring that the interests created in Item 8 of decedent's will violated the Rule Against Perpetuities.

I.

[1] Defendants first contend that the trial court erred in declaring plaintiff the fee simple owner of the Albright Township property. We disagree. Item 2 of decedent's will states, "I have 7 acres in Albright Township goes [sic] to my wife Notie J. Coble." Under G.S. 31-38, any devise of real property is presumed to be a devise in fee simple unless the plain and express words of the devise or other language in the will itself clearly shows the testator's intent to convey a lesser estate. G.S. 31-38; *Leonard v. Dillard,* 87 N.C. App. 79, 82, 359 S.E.2d 497, 499 (1987). Defendants contend that decedent intended to convey plaintiff a life estate because in Item 7 defendant provided that:

> If my wife, Notie J. Coble should predecease me or at her death, I bequeath that the seven (7) acres I own in Albright township and the land I received form [sic] my mother Mattie T. Coble goes to my five sisters, Kathleen C. Patterson, Agnes C. White, Helen C. Byers, Rebecca C. Robertson, and Cornelia C. Stanton. Should any of these sister [sic] predecease me or at my wife, Notie J. Coble death there [sic] share goes to their children. . . .

We disagree.

**COBLE v. PATTERSON**

[114 N.C. App. 447 (1994)]

[I]t is a general rule of testamentary construction that an unrestricted devise of real estate carries the fee, and a subsequent clause in the will expressing a wish, desire or even direction for the disposition of what remains at the death of the devisee, is not allowed to defeat the devise, nor limit it to a life estate.

*Taylor v. Taylor,* 228 N.C. 275, 277, 45 S.E.2d 368, 369 (1947); *See also Quickel v. Quickel,* 261 N.C. 696, 698, 136 S.E.2d 52, 54 (1964); *Leonard v. Dillard,* 87 N.C. App. 79, 82, 359 S.E.2d 497, 499 (1987). Under this rule of construction, decedent's unrestricted devise of the Albright Township property to plaintiff in Item 2 was a devise in fee simple and the later devise of the property to defendants in Item 7 did not limit plaintiff's estate to a life estate.

Defendants contend, however, that this rule of construction must "yield to the paramount intent of the testator as gathered from the four corners of the will." *Taylor v. Taylor, supra.* Defendants contend that decedent's paramount intent as gathered from the entire will was to make plaintiff the lifetime beneficiary of a testamentary trust. Defendants argue that decedent intended for his entire estate to be put into a trust for plaintiff for her lifetime and that upon her death, the trust corpus would be distributed to defendants. Defendants argue that decedent's intention of making plaintiff the lifetime beneficiary of a testamentary trust explains why decedent gave certain property to plaintiff in Items 2 and 5 and then made repeated giftovers of the same property to defendants in Items 6 through 10 with the condition "If my wife, Notie J. Coble should predecease me **or at her death.**"

The trial court found that decedent's intent as gathered from each and every item of the will was "to provide materially both real and personal property for his wife, to control or limit the further disposition of certain real property the testator devised in Item 7 to his sisters and their children, and to direct the disposition of his wife's property at her death." We conclude that decedent's will does not **plainly** reflect an unambiguous intention to establish a testamentary trust for plaintiff sufficiently to rebut the statutory presumption in G.S. 31-38 that an unrestricted devise of real property is a devise in fee simple. Accordingly, we hold that plaintiff is the fee simple owner of the Albright Township property.

**COBLE v. PATTERSON**

[114 N.C. App. 447 (1994)]

## II.

**[2]** Defendants also contend that the trial court erred in concluding that the interests created in Item 8 of decedent's will violated the Rule Against Perpetuities. We agree and conclude that the devise in Item 8 conveys the property to defendants in fee.

The Rule Against Perpetuities provides that:

[N]o devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void.

*McQueen v. Trust Co.*, 234 N.C. 737, 741, 68 S.E.2d 831, 835 (1951). Items 5 and 8 of decedent's will concern the same property and provide as follows:

Item 5: If I have any money or certificates left after expenses, Indowment [sic] fund & church are taken care of the rest goes in certificates to draw interest for my wife Notie J. Coble to help pay taxes on the farm & for her personal upkeep.

Item 8: If my wife, Notie J. Coble should predecease me or at her death, I bequeath that the money and certificates left after all expenses, endowment & church are taken care of the rest of the money or certificates be kept in certificates to take the interest and keep taxes paid on the land that I left my sisters. If any left over after taxes are paid to be divided equally among my sister and their children.

The trial court made the following conclusion of law regarding the interest created by Item 8:

e) Item 8 creates a future interest in the interest income from the certificates which the testator states are to be kept in certificates "to take interest & keep taxes paid on the land that I left my sisters." In that item, the testator does not name remaindermen as to the principal, nor does he state a point in time at which the principal is to be divided, but devises a perpetual fund, interest income in perpetuity to pay the taxes on the land he left his sisters and their children forever and ever. There is no vesting of a complete interest

COBLE v. PATTERSON

[114 N.C. App. 447 (1994)]

in this property—interest and principal. Either interest could vest beyond the period of the Rule Against Perpetuities. . . . There are no named remaindermen as to principal who will take possession on the natural termination of the preceeding [sic] estates. Therefore, these interests violate the Rule Against Perpetuities and the money and certificates pass by intestacy to the Plaintiff, the widow of [decedent].

The trial court essentially found that because decedent failed to provide a time for the termination of the trust and because decedent failed to name remaindermen to the principal of the trust, the remainder interest in the principal would not vest within the perpetuities period. We disagree with the trial court's analysis.

A remainder is vested if the only impediment to the right of immediate possession is the existence of the preceding estate. *Pridgen v. Tyson*, 234 N.C. 199, 201, 66 S.E.2d 682, 684 (1951). In Item 8, decedent stated that at plaintiff's death, the certificates held in trust for plaintiff were to be maintained and the interest from the certificates were to be used to pay taxes on the land decedent left to defendants. Since defendants are entitled to the interest income immediately upon plaintiff's death, defendants have a vested remainder interest in the income interest from the certificates.

The question we must now answer is whether the failure to provide for the termination of the trust and for the distribution of the principal violates the Rule Against Perpetuities and voids the gift of the interest income to defendants. We conclude that here it does not. Defendants here have a vested right to receive the interest income from the certificates. Although decedent's will does not provide explicitly for the termination of the trust or the distribution of the principal, "[i]n the absence of a disposition of the principal, a testamentary gift of the income or interest of a fund, such as a trust, without limitation as to its duration amounts to a gift of the principal." *Wing v. Trust Co.*, 301 N.C. 456, 465, 272 S.E.2d 90, 97 (1980). Accordingly, we hold that decedent's gift to defendants of the interest income of the certificates amounted to a gift of the principal also. Since defendants are entitled to receive the certificates in fee after plaintiff's death, defendants have a vested remainder interest in the certificates. Accordingly, the devise in Item 8 does not violate the Rule Against Perpetuities.

For the reasons stated, we affirm the judgment of the trial court declaring plaintiff the fee simple owner of the Albright Township property. Based on our discussion of the Rule Against Perpetuities, *supra*, we reverse the judgment of the trial court declaring the devise in Item 8 void.

Affirmed in part; reversed in part.

Judges JOHNSON and LEWIS concur.