628

# CIRCUIT COURT OF FAIRFAX COUNTY

Stephen C. Conte,
Executor of the
Estate of
Evelyn Taylor Pilsch,
deceased

v.

Thomas E. Pilsch, Jr.

December 18, 2009

Case No. CL-2009-13464

BY JUDGE JANE MARUM ROUSH

This matter came on for trial on December 10, 2009. At that time, the Court took the matter under advisement. I have now had the opportunity fully to consider the pleadings and the applicable law. For the reasons stated below, judgment will be entered in favor of the plaintiff against the defendant in the amount of $5,000.

## Background

Stephen Conte is the executor of the estate of his aunt, Evelyn Taylor Pilsch ("Evelyn"). Evelyn died on June 2, 2008, at the age of 97. In her will, Evelyn made the following bequest:

> To Thomas E. Pilsch, if he survives me, five thousand dollars ($5,000). In the event said beneficiary predeceases me, then said sum shall be given to his wife, Mrs. Evangeline Pilsch.

After Evelyn's death, Mr. Conte attempted to locate the heirs. He received an e-mail that, among other things, advised him that Thomas E. Pilsch had died. Mr. Conte apparently overlooked that e-mail.

Mr. Conte located a Thomas E. Pilsch living in McLean, Virginia. Mr. Conte notified this Thomas E. Pilsch that he was receiving a bequest from Evelyn's estate and sent him a check for $5,000. Mr. Conte had actually located Thomas E. Pilsch, Jr., the son of the Thomas E. Pilsch and Evangeline Pilsch named in the will. Both Thomas E. Pilsch and Evangeline Pilsch predeceased Evelyn.

When Mr. Conte learned that he had given the bequest to the wrong person, he demanded that the money be returned to the estate. The defendant Thomas E. Pilsch, Jr., refuses to return the $5,000.

## Discussion

Evelyn's will bequeathed $5,000 to Thomas E. Pilsch, husband of Evangeline Pilsch. If Thomas E. Pilsch did not survive Evelyn, Thomas's widow Evangeline would receive the bequest. There was no provision that the bequest go to the descendants of Thomas and Evangeline if both predeceased Evelyn. The intended beneficiary, Thomas E. Pilsch, was the brother of Evelyn's late husband. The defendant is Evelyn's late husband's nephew. The anti-lapse statute, Va. Code. Ann. 64.1-64.1, does not apply in this case.

There is no question that the executor made a mistake in paying the $5,000 to the defendant Thomas E. Pilsch, Jr. The issue is whether the estate must bear the loss or whether Thomas E. Pilsch, Jr., must repay the estate.

The defendant's reliance on *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1961), is misplaced. That case involved a mistake of law. The court held that "[a] mistake of law which precludes a recovery occurs when a person, with full knowledge of the facts, comes to an erroneous conclusion as to their legal effect." In this case, Mr. Conte made a mistake of fact as to the identity of the beneficiary.

The case of *Lee v. Barksdale*, 83 N.C. App. 368, 350 S.E.2d 508 (1986), is instructive. In that case, the testator clearly intended to divide his residuary estate into three equal shares. An error in the executor's calculations led to an unequal disbursement of the estate. The court held that "the mistake in calculation was one of fact, not of law, and plaintiff executor clearly stated a cause of action upon which relief could be granted." *Id.* at 376. The court relied on 31 Am. Jur. 2d, *Executors and Administrators*, § 965, in which it is stated "[a] devisee is liable to refund money which has

been paid to him by the executor under a mistake of fact, and repayment of the amount wrongfully paid may be enforced against him in a suit by the executor." *Id.* at 377.

Virginia courts have required the return of wrongly distributed funds under the theory of unjust enrichment. In *Piedmont Trust Bank v. Aetna Casualty & Surety Co.*, 210 Va. 396, 171 S.E.2d 264 (1969), the court held that funds mistakenly paid by an insurance company must be returned to avoid unjust enrichment to the claimant.

The defendant argues that Mr. Conte in his individual capacity should be required to reimburse the estate for the $5,000. That position does not find support in Virginia law. The Supreme Court of Virginia has held "administrators, executors, and other trustees are not to be held personally responsible for any loss of the trust property or funds where there is no just imputation of *mala fides* on their part, and the fault is at most but an error of judgment, or a want of unusual sharp-sighted vigilance." *Herelick v. Southern Dry Goods & Notion Co.*, 139 Va. 121, 130, 123 S.E. 529 (1924). In this case, there is no allegation or evidence that Mr. Conte acted in bad faith. He simply overlooked the e-mail that told him that the intended beneficiary Thomas E. Pilsch had died and instead mistakenly distributed the bequest to his son Thomas E. Pilsch, Jr.

For the foregoing reasons, judgment will be entered in favor of the executor.